**STATE, ex rel. CHAPMAN, Plaintiff, v. LOWERY et, OHIO PARDON AND PAROLE COMMISSION, Defendants.**

Ohio Appeals, Second District, Franklin County.

No. 5403. Decided December 14, 1955.

William H. Chapman, Columbus, for himself.
Hon. C. William O'Neill, Atty Genl., Roger B. Turrell, Asst. Atty. Genl., Columbus, for defendants.

## OPINION
By THE COURT.

Submitted on motion of the defendants, the same being filed by C. William O'Neill, Attorney General for the State of Ohio, seeking an order dismissing the action upon the following grounds:

(1) Petitioner does not show a cause of action.

(2) Plaintiff has no justifiable interest.

The record reveals that the action is one in mandamus brought by William H. Chapman who alleges that he is a citizen of the United States and resident of Detroit, Wayne County, State of Michigan

The petition alleges that the defendants are the duly and regularly appointed members of the Ohio Pardon and Parole Commission and that as such they have refused, failed and neglected to make, adopt and publish the necessary rules for its organization and procedure as required by §2965.05 R. C. It prays for an alternative writ commanding the defendants to perform these duties.

In support of the first ground counsel for defendants urges that such rules and regulations have been duly adopted and that the same were filed with the Secretary of State on August 15, 1941. This is a matter of defense requiring proof to establish the same and therefore may not be considered at this time.

The second branch of the motion is grounded upon the alleged fact that the plaintiff is not a party in interest and therefore may not bring this action. While it is quite true that he is seeking to require the respondents to perform a public duty, the Ohio authorities are not in accord with the rule pronounced in other states that a private citizen may not enforce a public duty, but hold such a duty may be enforced if it appears that the plaintiff has an interest in the subject of the action. State, ex rel. v. Nash, 66 Oh St 612. Sufficient interest is shown by the plaintiff for the petition alleges that he is incarcerated in the Franklin County jail by reason of a void detainer; that he is being held as a parole violator and that the proper rules have not been promulgated by the respondents in order to make such a determination. We conclude that sufficient interest has been shown by the plaintiff to entitle him to maintain this action; hence the second branch of the motion will also be overruled.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.

No. 5403.   Decided February 9, 1956.

**OPINION**

By THE COURT.

This is an action in mandamus wherein the plaintiff is seeking an order commanding the defendants to make, adopt, and publish certain rules and regulations in accordance with §2965.05 R. C. The defendants demur upon the following grounds:

(1) That such rules have been adopted in compliance with said section of the Revised Code.

(2) That the petition does not allege that a demand was made upon the defendants to perform said duty and a refusal thereto.

Although the defendants have attached to their demurrer their "Exhibit A" which is a certified copy to "Rules and Regulations" adopted by the Board, the question of compliance may not be raised on demurrer, for the demurrer admits all well pleaded facts contained in the petition. The question is therefore not properly raised.

The second branch of the demurrer is also not well taken for the reason that the plaintiff is seeking the performance of a public duty and a prior demand for such performance is not required. **State, ex rel. Hepperla v. Glander, 94 Oh Ap 187.**

The demurrer is overruled. Leave is granted to answer by February 25, 1956.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.